UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA
    -v-

WINSTON WORRELL
-----------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-05-100 (ARR)
JAN ROSTAL, ESQ
16 COURT STREET, 3rd FL.
BROOKLYN, NEW YORK 11241
Defendant's Attorney & Address

THE DEFENDANT:
XXX   pleaded guilty to count one of the indictment.
___   was found guilty on counts      after a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 18 USC 922(g)(1) | UNLAWFUL TRANSPORTATION OF FIREARMS. | ONE (1) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___   The defendant has been found not guilty on count(s)     and is discharged as to such count(s).
___   Remaining counts are dismissed on the motion of the United States.
XXX   It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # _____

Defendant's Date of Birth 1/13/79

Defendant's Mailing Address:

400 LAFAYETTE AVENUE

BROOKLYN, NEW YORK 11238

Defendant's Residence Address:

    ( SAME AS ABOVE )

MARCH 3, 2006
Date of Imposition of Sentence

ARR
AILYNE R. ROSS, U.S.D.J.

MARCH 3, 2006
Date

A TRUE COPY ATTEST
Date: _____
ROBERT C. HEINEMANN
CLERK OF COURT

By: _____

DEPUTY CLERK

IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of fifty one (51) months.

XXX     The Court makes the following recommendations to the Bureau of Prisons: THAT THE DEFT PARTICIPATE IN THE 500 HOUR PROGRAM AND IF NOT DESIGNATED TO THE 500 HOUR PROGRAM, THAT HE BE HOUSED AT A FACILITY IN THE NEW YORK REGION.

___     The defendant is remanded to the custody of the United States Marshal.
___     The defendant shall surrender to the United States Marshal for this district,

     ___ at _____ a.m./p.m. on _____.
     ___ as notified by the Marshal.

___     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

     ___ before 12:00 noon on _____.
     ___ as notified by the United States Marshal.
     ___ as notified by the Probation Office.

RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

United States Marshal

By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) Deft shall submit to drug testing and participate in substance abuse treatment with a treatment provider selected by the probation department. Treatment may include outpatient or residential treatment as determined by the probation department. Deft shall abstain from all illegal substances and/or alcohol. Deft shall contribute to the cost of services rendered via co-payment or full payment in an amount to be determined by the probation department, based upon the deft's ability to pay and/or the availability of third party payment.

2) Deft shall submit his person, residence, place of business, vehicle or any other premises under his control to a search upon request, by the U.S. Probation Department; such request being made on <u>REASONABLE SUSPICION</u> that contraband or evidence of a violation of a condition of supervision may be found - and pursuant to the formal policy of the U.S. Probation Department. The search is only to be conducted at a time and in a manner reasonable under the circumstances. Failure by the deft to submit to a search may be grounds for revocation; and the deft shall inform any other residents that the premises may be search pursuant to this condition.

3) Deft shall not possess any firearms.

___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ _100.00_____, consisting of a fine of $___N/A_____ and a special assessment of $_100.00_____.

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

## FINE WITH SPECIAL ASSESSMENT